PRATHER, Justice,
for the Court:
Michael and Nancy Retzer were married in Louisiana in 1970. Seventeen years later, Michael filed for divorce in the Washington County Chancery Court. After lengthy discovery and hearings, the chancellor granted the divorce.
Prior to their divorce, Michael and Nancy mutually agreed upon a division of property. Pursuant to one written agreement, Nancy received a valuable painting by Renoir. Pursuant to an oral agreement, Nancy received a painting by Maccord.
Later on, a dispute arose regarding the ownership of the two paintings. Michael claimed that R & R (a corporation jointly owned by Michael and Nancy) owned the paintings and requested their return. Nancy disagreed and sought judicial disposition of the dispute. The chancellor held an evidentiary hearing and, based upon the evidence adduced, opined that “these paintings were purchased by the corporation, but that they were delivered as a Christmas gift [to Nancy] five or six years ago.” Michael appealed.
The record has been perused and the parties’ contentions considered. The evidence adduced during the evidentiary hearing consisted merely of the written agreement and testimony by both Michael and Nancy. In view of this evidence, no manifest error is evinced. Bowers Window & Door Co., Inc. v. Dearman, 549 So.2d 1309, 1312-13 (Miss.1989) (“What we have here is a finding of fact made by a chancellor, and our familiar rule of deference prohibits us from disturbing this finding unless it is manifestly wrong/clearly erroneous.”) (citing Culbreath v. Johnson, 427 So.2d 705, 707-08 (Miss.1983)). Therefore, this Court has no choice but to affirm the chancellor’s fact-finding.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and ANDERSON, PITTMAN and BLASS, JJ., concur.
ROY NOBLE LEE, C.J., dissents.
ROBERTSON and SULLIVAN, JJ., not participating.